NOT DESIGNATED FOR PUBLICATION

No. 119,214

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN J. BIEKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed January 4, 2019. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Benjamin Bieker appeals his sentence following his conviction for attempted arson. We granted Bieker's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47).

Upon his plea of no contest, Bieker was convicted of one count of attempted aggravated arson in violation of K.S.A. 2017 Supp. 21-5301 and K.S.A. 2017 Supp. 21-5812(a)(1)(A), a severity level 8 person felony. Bieker's criminal history score for this offense is I. The presumptive disposition for nondrug grid block 8-I is probation, and the presumptive sentencing range is 7-8-9 months' incarceration. K.S.A. 2017 Supp. 21-6804(a). Pursuant to the terms of a plea agreement between the parties, the district court

1

imposed the standard presumptive sentence of 8 months in prison and placed Bieker on probation for 18 months.

On appeal, Bieker claims the district court abused its discretion by ordering him to serve an 18-month probation term rather than a shorter probation term. In support of his claim, Bieker cites to K.S.A. 2017 Supp. 21-6608(c)(4), which provides the district court with the discretion to impose a probation term of "up to 18 months in length."

Although the statutory language does provide the district court with discretion, any probation term up to 18 months is considered a presumptive sentence. Because Bieker received a presumptive sentence, we are without jurisdiction to consider this issue on appeal. See K.S.A. 2017 Supp. 21-6820(c)(l).

Notably, even if the term of probation was not presumptive, we still would be required to dismiss the appeal for lack of jurisdiction. In this case, Bieker and the State jointly recommended that the district court impose the presumptive period of probation based on the severity level of the crime and Bieker's criminal history. The district court followed that recommendation. By statute, we are not permitted to review on appeal "any sentence resulting from an agreement between the state and the defendant [that] the sentencing court approves on the record." K.S.A. 2017 Supp. 21-6820(c)(2). Because the parties agreed to the presumptive period of probation and the district court approved the agreement on the record, we have no jurisdiction to consider an appeal of that sentence.

Appeal dismissed.